**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL DOCKET NO.: 3:10CV287-V**

| | |
|---|---|
| **RONALD MCGILL,** ) | |
|       **Plaintiff,** ) | |
| ) | |
|       v. ) | **O R D E R** |
| ) | |
| **PAYPAL, INC., and** ) | |
| **EBAY, INC.,** ) | |
|       **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on its own motion for purposes of determining whether this civil action is properly before this federal district court.

On June 29, 2010, Plaintiff Ronald McGill ("McGill"), acting *pro se*, commenced this action alleging that he was being denied access to his funds held by Defendants PayPal, Inc. ("Paypal") and Ebay, Inc. ("Ebay"). (Document #1) Because McGill seeks to proceed *in forma pauperis*, initial review of the matter is appropriate pursuant to 28 U.S.C. §1915(e)(2).[1]

**I. Subject Matter Jurisdiction**

**A. Federal Question, 28 U.S.C. §1331**

The federal courts have subject matter jurisdiction over cases "arising under" the Constitution, statutes, or treaties of the federal government. 28 U.S.C. § 1331. In determining whether a cause of action "arises under" federal law, the Court looks to the plaintiff's "well-pleaded complaint." In other words, it must be clear from the face of Plaintiff's complaint either that 1) the

---

[1] Plaintiff's action is subject to summary dismissal before service of process or amendment of the complaint following screening under Section 1915(e)(2). *See e.g.*, In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997).

plaintiff's cause of action was created by federal law; or a federal law that creates a cause of action is an essential component of an otherwise state law based claim. *See* Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908).

Under the second avenue for establishing federal question jurisdiction, jurisdiction may exist over a state law claim if "the state law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S.308, 314 (2005); Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 806 (4th Cir.1996); Merrell Dow Pharms, Inc. v. Thompson, 478 U.S. 804 (1986) (The federal law in question must be "sufficiently central" to the claim in a well-plead complaint.)

### B. Diversity of Citizenship, 28 U.S.C. §1332

Diversity jurisdiction is appropriate when "the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. §1332(a)(1).

### II. Plaintiff Bears the Burden of Establishing Subject Matter Jurisdiction

Plaintiff bears the burden of establishing that jurisdiction over the subject matter of the suit is proper. *See* Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982); Arbaugh v. Y & H Corp., 546 U.S. 500, 506-07 (2006).

In his two-page narrative, McGill claims that he has an account with Defendants that enables him to list items on Ebay's live auction internet site. (Compl. at 1) According to McGill, PayPal is the mechanism for payment when an item is won or sold and thus allows the buyer to make payment to the seller through the seller's PayPal account. (Compl. at 1) McGill obtains access to

the funds through use of a "debt card issued by Paypal." (Compl. at 1) McGill takes issue with a recent notification from Defendants that "from now on, money you receive will be temporarily held in a pending balance."[2] (Compl. at 1) McGill challenges this action on the grounds that Defendants did not provide a reasonable explanation or allow McGill an opportunity to contest the decision. (Compl. at 1) McGill also claims these actions are "being applied discriminatingly" yet there are no other facts alleged that would support a claim of discrimination. (Compl. at 1) As for injury, McGill asserts that being denied access to his funds "has cause[d] him great suffering both financially & emotionally." (Compl. at 1) McGill seeks "Class Action Status" as well as $25,000 in actual and compensatory damages as well as punitive damages in the amount of $10,000,000. (Compl. at 1)

In short, McGill fails to describe any specific state or federal cause of action. Citizenship of the parties is not mentioned. Similarly, the amount of actual and compensatory damages alleged is subject to question.[3] McGill fails to provide or attach copies of any relevant documents. The Complaint is not accompanied by any written agreement purporting to govern the terms of the parties' relationship or any writing purporting to alter the business arrangement. The few facts alleged are recited herein and do not make out any federal cause of action. For these reasons, after initial review of the pleadings, it appears to the Court that Plaintiff McGill fails to establish federal

---

[2] Conceivably, McGill's PayPal account is in the red (or has a negative balance). If so, the undersigned suspects that any applicable PayPal User Agreement provides Defendants with the authority to suspend withdrawals by McGill until the account is back in good standing.

[3] The materials supplied in connection with Plaintiff's renewed application to proceed *in forma pauperis* reveal activity on McGill's PalPal account during the period from April 2010 through June 2010. McGill claims he would have been entitled to a fee of twenty (20) percent of each sale. Under such an arrangement, McGill's damage estimate for the relevant time period would not begin to approach the $25,000 damages figure.

subject matter jurisdiction and likewise fails to state a claim upon which relief may be granted.

**III. Order**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). Alternatively, Plaintiff's Complaint if dismissed for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6).

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* is **DENIED as moot**.

Signed: January 18, 2011

Richard L. Voorhees
United States District Judge